# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

DERRICK DIRTON :

    Plaintiff :

v : Civil Action No. RDB-09-1002

STATE OF MARYLAND, *et al.* :

    Defendants :

oOo

## MEMORANDUM OPINION

Pending is Defendants' Motion to Dismiss or for Summary Judgment. ECF No. 12. Although he was advised of his right to file a response in opposition to Defendants' motion and of the consequences of failing to do so, ECF. No. 13, Plaintiff has not filed anything further. For the reasons set forth below, the motion, construed as a Motion for Summary Judgment, shall be granted.

### Background

Plaintiff, currently incarcerated at the North Branch Correctional Institution (NBCI), states he suffers from a seizure disorder. At the time of the incident described, Plaintiff was incarcerated at Maryland Correctional Adjustment Center (MCAC). He alleges that on April 3, 2008, at approximately 8:00 a.m. correctional officers assaulted him without cause while he was fully restrained. The officers named by Plaintiff are Sergeant Scott and Officer Pilson. Plaintiff claims the officers entered his cell and began punching him in the face and head until he blacked out from a seizure from being hit so much. He claims the incident was recorded on video from the hallway and states Scott should not have been around him due to Scott's prior accusation that Plaintiff had "done something to him." ECF No. 1.

Defendants allege that Andre Scott and Officer Ernest Brown were conducting the 7:00

a.m. count at MCAC when Plaintiff threw a liquid substance at Scott, who was standing at a different cell attempting to have that inmate uncover his cell window. ECF No. 12 at Ex. 2. As a result of the assault on Scott a response team was formed, Plaintiff was removed from his cell without the use of force, and escorted by Pilson and Officer Kenyatta Barrett to Cadre cell-G-5. *Id.*

The assault was investigated by the Divisiion of Correction's Internal Investigation Unit (IIU). ECF No. 12 at Ex. 4. The liquid, suspected to be urine, struck Scott on his shirt, neck, right arm, and face. *Id.* at p. 8. After throwing the liquid, Plaintiff stated "I got all you bitches that come down here today!" *Id.* at p. 13. Scott received medical attention and pursued criminal charges against Plaintiff, which were ultimately nolle prossed on October 19, 2009. *Id.* at pp. 8, 16-17, and 30-31; Ex. 6. Defendants admit Plaintiff suffers a severe seizure disorder but state that the only injury Plaintiff suffered during the incident described was a small laceration on his right lower leg with no active bleeding. *Id.* at Ex. 4, p. 21.

### Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(c) which provides that:

> [Summary judgment] should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motiion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

## Analysis

Whether force used by prison officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U. S. 1, 6-7 (1992). This court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *See Whitley v. Albers*, 475 U. S. 312, 321 (1986). The absence of significant injury alone is not dispositive of a claim of excessive force. *See Wilkens v. Gaddy*, __ U.S. __, 130 S.

3

Ct. 1175 (2010). The extent of injury incurred is one factor indicative of whether or not the force used was necessary in a particular situation, but if force is applied maliciously and sadistically, liability is not avoided simply because the prisoner had the good fortune to escape serious harm. *Id.*

Defendants assert, and Plaintiff does not dispute, that there was no assault as described by Plaintiff. Indeed, according to the undisputed evidence presented by Defendants, Plaintiff was the assailant and, despite his assaultive behavior, he was removed from his cell without force or injury. ECF No. 12 at Ex. 2. Plaintiff's assertions that he was repeatedly struck in the face and head, inducing a seizure, is also unsupported by the unrefuted medical records. *Id.* at Ex. 5, p. 33.

In light of Plaintiff's failure to oppose the Motion for Summary Judgment, there is no genuine dispute of material fact warranting a trial. Accordingly, the motion shall be granted and judgment shall be entered in favor of Defendants by separate Order which follows.

November 5, 2010
Date

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE